E-FILED
Friday, 12 March, 2010  04:24:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-4007 |
| | ) | |
| Derrick Mossage | ) | |
|     Defendant | ) | |

**ORDER**

Now before the Court is the Plaintiff's Motion for Summary Judgment (Doc.#14). Although Defendant answered the complaint, he has failed to respond to this motion and has informed the Court through his attorney that no response will be filed. The Court therefore rules without further notice to the parties. Local Rule 7.1.

SUMMARY JUDGMENT GENERALLY

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

The party opposing summary judgment must identify the evidence (i.e. those portions of the pleadings, depositions, answers to interrogatories, admissions, affidavits, and documents) that will facilitate the court's assessment. Waldridge, 24 F.3d at 922. Thus, as Fed. R. Civ. Proc. 56(e) makes clear, a party opposing summary judgment may not rely on the allegations of her pleadings. Neither the moving party nor the responding party may simply rest on allegations; those allegations must be supported by significant probative evidence tending to show a question of fact. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968).

## DISCUSSION

In the absence of a response by Defendant to Plaintiff's Statement of Undisputed Fact, the Court presumes those facts are true for the sake of this motion. In addition, Plaintiff served on Defendant Requests to Admit; Defendant failed to respond to these. Those facts too are therefore deemed conclusively "established." Fed.R.Civ.P. 36(b).

In 1985, Derrick Mossage executed a Promissory Note for a $2500.00 student loan. In 1986, he executed another Promissory Note for $2500.00 for a student loan. The terms of both Notes allowed accrual of 8% interest. At the time, he was seeking to become a full time student at Lincoln Technical Institute in West Des Moines, Iowa.

On February 19, 2009, the United States filed this action. The Complaint alleges that Defendant has paid only a total of $40.00 on these two loans. The amount due and owing as of January 8, 2009 was $14,176.75, with interest accruing at $1.18 per day. The United States has paid the lenders and is now the principal for these loans.

Mossage filed a pro se answer, generally denying "each and every allegation" of the complaint. Attached to his answer was a letter stating his "reasons" for contesting the complaint. He stated that he did not believe he was responsible for repayment because he "was mentally incompetent." He elaborated that he was under a doctor's care in 1986 and was "deemed mentally disabled at the time of my enrollment." He concludes that he "was put on Social Security (SSI) in 1987 for permanent mental disability and had to have a payee/beneficiary for my funds." This document also includes the name of a treating physician in 1986.

At the initial Rule 16 conference, Mossage appeared pro se. The Court inquired about his mental disability, and on Mossage's request, counsel was appointed for him. He has been represented since that time.

As pointed out by Plaintiff, Mr. Mossage believed in 1985 and 1986 that he was competent to attend school. Neither treatment by a physician nor an inability to hold a job necessarily implies legal incompetence. Likewise, having a representative payee for SSI does not inevitably lead to the conclusion of legal incompetence. 20 C.F.R. § 404.2010(a)(1) and (2) provide that a representative payee is appointed "in the interest of the beneficiary," if the beneficiary is "legally incompetent or mentally [or physically] incapable of managing benefit payments. In other words, legal incompetence is not a necessary precursor to appointment of a representative.

There is no evidence in the record to substantiate Mossage's claim that nearly 25 years ago he was incompetent to sign a legally binding contract. A party responding to a summary judgment motion may not simply rest on allegations; those allegations must be supported by significant probative evidence tending. First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968). See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(when the moving party has met its burden, non-moving party must do more than show some "metaphysical doubt " as to material facts).

Because the undisputed facts establish that Mr. Mossage signed legally binding Promissory Notes which he has not paid, Plaintiff is entitled as a matter of law to judgment in its favor.

## CONCLUSION

The motion for summary judgment is granted. The Clerk is directed to enter judgment in favor of the Plaintiff and against the Defendant in the amount of $14,176.75 plus interest accruing at $1.18 per day from January 9, 2009 to this date.

ENTERED ON March 12, 2010

        s/ John A. Gorman

        JOHN A. GORMAN
       UNITED STATES MAGISTRATE JUDGE